UNITED STATES DISTRICT COURT
                          DISTRICT OF NEW HAMPSHIRE


Colonel Gary E. Lambert

    v.                                   Case No. 09-cv-354-PB
                                         Opinion No. 2010 DNH 048

Raymond E. Mabus, Jr.


                              **O R D E R**

    Colonel Gary Lambert was removed from the Reserve Active Status List by a selective retention board ("SRB"). He unsuccessfully contested the SRB's determination before the Board of Correction of Naval Records ("BCNR"). Lambert's complaint before this court challenges the BCNR's ruling under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. The Secretary of the Navy has responded with a Motion to Dismiss, contending that Lambert's complaint is nonjusticable.

    The United States Supreme Court has twice recognized in dicta that "decisions [by military record review boards] are subject to judicial review [by federal courts] and can be set aside if they are arbitrary, capricious, or not based on substantial evidence." Clinton v. Goldsmith, 526 U.S. 529, 539 (1999) (quoting Chappell v. Wallace, 462 U.S. 296, 303 (1983)).

Moreover, all circuit courts that have addressed the question have held that claims of this sort are justiciable when they are brought pursuant to the APA.  See, e.g., Dibble v. Fenimore, 545 F.3d 208, 215-16 (2d Cir. 2008); Hanson v. Wyatt, 552 F.3d 1148, 1153 (10th Cir. 2008); Piersall v. Winter, 435 F.3d 319, 323 (D.C. Cir. 2006).  Other cases dealing with damage actions against military officials such as Feres v. United States, 340 U.S. 135 (1950); Chappell, 462 U.S. 296; United States v. Stanley, 483 U.S. 669 (1987); Penagaricano v. Llenza, 747 F.2d 55 (1st Cir. 1984), and Wright v. Park, 5 F.3d 586 (1st Cir. 1993) are distinguishable because none involve challenges under the APA.[1]

There are many good reasons why courts ordinarily should avoid entanglement in military affairs.[2]  This case, however,

---

[1] The Secretary's reliance on the First Circuit's unpublished decision in Quinonez-Cruz v. Diaz-Colon, 129 F.3d 1252 (1st Cir. 1997) is particularly ill-advised because it is inconsistent with the court's later published decision in Wigginton v. Centracchio, 205 F.3d 504, 512 (1st Cir. 2000), which holds that "intramilitary suits alleging constitutional violations but not seeking damages are justiciable."

[2] I do not accept the Secretary's assertion that Lambert has "launch[ed] a wholesale attack on the United States Marine Corps' fundamental determination that immediate action was required to address the statutory overage of Reserve Colonels." (Reply to Pl.'s Obj. to Def.'s Mot. to Dismiss, Doc. No. 10, at 5.)  In any event, I do not intend to allow the judicial power to be used to support such an attack.  Rather, the narrow issue that

does not require the court to second-guess the discretionary judgments of military officials.  Instead, Lambert asks the court to review a decision by a civilian board under the deferential standard of review authorized by the APA.  All of the appellate courts that have addressed the justiciability issue in this context have rejected the same challenge that the Secretary has presented in this case.  I see no reason to decide the matter differently.  Defendant's Motion to Dismiss (Doc. No. 7) is denied.

    SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 16, 2010

cc:  Gary E. Lambert, pro se
     T. David. Plourde, AUSA

---

I will decide here is whether the BCNR acted arbitrarily or capriciously when it denied Lambert's request to correct his military record.