**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>**Colonel Gary E. Lambert**</u>

      **v.**                            Civil No. 09-cv-00354-PB
                                         Opinion No. 2011 DNH 117

<u>**Raymond E. Mabus, Jr.,**</u>
<u>**Secretary of the Navy**</u>

<u>**MEMORANDUM AND ORDER**</u>

10 U.S.C. § 14704 establishes the procedures that the Secretaries of the Army, Air Force, and Navy must follow when making reductions to a Reserve Active Status List ("RASL"). Section 14704 requires the Secretary of the relevant military department to determine the size of the reduction but leaves it to a specially convened "selection board" to identify the specific officers who will be targeted for removal.

Colonel Gary Lambert challenges a decision of the Secretary of the Navy to remove him from the Marine Corps' RASL. His principal argument is that the Secretary failed to comply with § 14704 when he convened the selection board that recommended his

removal.  The parties have filed cross motions for summary

judgment.


## I.  BACKGROUND

### A.  Regulatory Framework

All officers in the Marine Corps active reserve, except

warrant officers, are listed on the Marine Corps' RASL.  See 10

U.S.C. § 101(c)(7) (stating that the RASL is "a single list . .

. that contains the names of all officers of that armed force

except warrant officers . . . .").  The RASL is ordered

according to grade.[1]  See 10 U.S.C. § 14003(a).  "Officers

serving in the same grade" are further ordered according to

rank.[2]  See 10 U.S.C. § 14003(a).  "Rank among officers of the

same grade . . . is determined by comparing dates of rank.  An

officer whose date of rank is earlier than the date of rank of

another officer of the same or equivalent grade is senior to

---

[1] An officer's grade is "a step or degree, in a graduated scale
of office or military rank, that is established and designated
as a grade by law or regulation." 10 U.S.C. § 101(b)(7).  The
commissioned grades in the Marine Corps are: General, Lieutenant
general, Major general, Brigadier general, Colonel, Lieutenant
colonel, and Major.  See 10 U.S.C. § 5502.

[2] The term "rank" is defined as "the order of precedence among
members of the armed forces." 10 U.S.C. § 101(b)(8).

that officer." 10 U.S.C. § 741 (b).  Generally, an officer's date of rank is the date of his or her appointment to their respective grade.  See 10 U.S.C. § 741 (d)(2).

Section 14704 authorizes the Secretary of a military department to remove officers from the RASL when the Secretary determines that "there are in any reserve component . . . too many officers in any grade and competitive category who have at least 30 years of service computed under section 14706 of this title or at least 20 years of service computed under section 12732 of this title." 10 U.S.C. § 14704(a).  To accomplish a reduction in the RASL, the Secretary must convene "a selection board . . . to consider all officers on that list [the RASL] who are in that grade and competitive category, and who have that amount of service . . . ." Id.  The selection board must in turn recommend "officers by name for removal from the reserve active-status list, in the number specified by the Secretary by each grade and competitive category." Id.

The Department of Defense has issued instructions bearing on the removal of officers from the RASL.  See Department of Defense Instruction ("DODI") 1332.32.  DODI 1332.32, which applies to all military departments, states that selection

[3]

boards "may be convened by the Secretary of the Military Department concerned, as circumstances warrant, to accommodate Military Service needs." Id. at 4.2.  DODI 1332.32 instructs that "[t]he names of officers on the Reserve Active Status List to be considered shall include those in the same grade and competitive category whose position is between, and including that of, the most junior and the most senior officer in that grade and competitive category who meet the amount of service requirement . . . ." Id. at E2.2.

The Secretary of the Navy has adopted internal regulations that specifically apply to the removal of naval and marine reserve officers from the RASL.  See Secretary of the Navy Instruction ("SECNAVINST") 1420.1B.  SECNAVINST 1420.1B notes that the Secretary's power to reduce the RASL "shall be used as a means of managing an officer grade imbalance or strength overage within a competitive category" and provides that the Secretary "shall specify the number of officers, by either a fixed number or percentage, which a selection board may recommend for early retirement or removal." Id. at 34-35. SECNAVINST 1420.1B instructs that "[t]he list of officers provided to a board for consideration . . . shall include each

[4]

officer on the ADL or RASL in the same grade and competitive
category whose position . . . is between that of the most junior
officer in that grade and competitive category whose name is
provided and that of the most senior officer in that grade and
competitive category whose name is provided to the board . . .
." Id. at 35.  In addition, SECNAVINST 1420.1B notes that the
"list [of officers provided to a selection board] may not
include an officer in that grade and competitive category who
has been approved for voluntary retirement or who is to be
involuntary [sic] retired under any provision of law during the
fiscal year in which the selection board is convened or during
the following fiscal year." Id. at 35-36.

     A person seeking to challenge an action of the Secretary
based on the recommendation of a selection board is not entitled
to relief in any judicial proceeding unless "the action or
recommendation has first been considered by a special board . .
. ." 10 U.S.C. § 1558(f)(1).  Following the decision of a
special board, "[a] court of the United States may review a
recommendation of a special board or an action of the Secretary
of the military department concerned on the report of a special
board" and "may set aside the action only if the court finds

that the recommendation or action was – (A) arbitrary and

capricious; (B) not based on substantial evidence; (C) a result

of material error of fact or material administrative error; or

(D) otherwise contrary to law."  Id. at § 1558(f)(3).

**B.    The FY09 Selective Retention Board**

On October 14, 2008 the Secretary issued a "Precept

Convening the FY09 USMCR Colonel Unrestricted Reserve Selection

Retention Board" ("SRB").[3]  In the Precept, the Secretary charged

SRB with "select[ing] up to 99, but no fewer than 63, [colonels]

for early removal from the Reserve Active-Status List (RASL)."

Admin. R. 145.  The SRB was ordered to consider only those

"officers who have at least 20 years of service" and who "have

not been approved for voluntary retirement nor are to be

involuntarily retired under any other provision of law during

FY09 or FY10."  Id. at 147-48.  The list of eligible colonels

the SRB considered did not include colonels with less than three

years' "time-in-grade" (i.e. three years in the position of

---

[3]  A Precept "is the legal document that orders a selection board
to convene."  Marine Corps Promotion Manual, Vol I, § 2003.
Precepts also instruct the selection board on the needs of the
Navy and the guidelines the selection board is to follow when
making selection decisions.  See DODI 1332.32 at 4.4.

colonel).[4]  Id. at 153-60.

Lambert, a reserve active duty colonel listed on the RASL, was selected by the SRB for early removal and the Secretary accepted the board's recommendation that he be removed.  Lambert responded first by bringing an unsuccessful challenge before the Board of Correction of Naval Records, and then by petitioning this court for review.  During the course of the litigation that ensued, the parties agreed to have the case remanded for consideration by a special board pursuant to 10 U.S.C. § 1558.

The special board reviewed the procedures used to convene the FY09 SRB and determined that "the [SRB] did not violate 10 U.S.C. 14704, DOD Instruction 1332.32, SECNAV Instruction 1420.1B or the [SRB] precept."[5]  Admin R. 552.  As a result, the

---

[4] The exclusion of those colonels with less than 3 years "time-in-grade" was designed to exclude from consideration those colonels who would not be eligible for retirement at the grade of colonel.  See 10 U.S.C. § 1370(a)(2)(a)(noting that a commissioned officer above the grade of major or lieutenant commander "must have served on active duty in that grade for not less than three years" in order for him or her to retire at that grade). The parties disagree as to when the list was produced, and who composed the list.  However, resolution this dispute is also immaterial to my adjudication of the present motion.

[5] The special board was advised by two Judge Advocate General ("JAG") opinions. The board did not issue a detailed written decision, but instead adopted the reasoning recited in these two advisory opinions.

[7]

board recommended that "no correction be made to [Lambert's] naval record."  Id.   The Secretary ultimately accepted the special board's recommendation and declined to restore Lambert to the RASL.  Id. at 567-69.

## II.  <u>STANDARD OF REVIEW</u>

A federal district court "may review a recommendation of a special board or an action of the Secretary of the military department concerned on the report of a special board" and "may set aside the action only if the court finds that the recommendation or action was – (A) arbitrary or capricious; (B) not based on substantial evidence; (C) a result of material error of fact or material administrative error; or (D) otherwise contrary to law."  10 U.S.C. § 1558(f)(3).  Decisions of military boards are reviewable by an "unusually deferential" standard.  Kreis v. Sec'y of the Air Force, 866 F.2d 1508, 1514 (D.C. Cir. 1989).  "The court will not second-guess the merits of a military promotion or retention decision as long as the process of reaching that decision was proper."  Mori v. Dep't of Navy, 731 F.Supp.2d 43, 47 (D.D.C. 2010).

### III. <u>ANALYSIS</u>

Lambert argues that the Secretary violated § 14704 in two ways.  First, he contends that the SRB did not list officers for removal in "the number specified by the Secretary," as § 14704 requires, because the Secretary directed the SRB to provide a range of "up to 99 but no fewer than 63 officers."  See 10 U.S.C. § 14704(a); Admin. R. 145.  Second, he argues that the Secretary's exception from consideration for removal of colonels scheduled for retirement and colonels with less than three years' time-in-service violated § 14704's directive that a selection board must "consider all officers" on the RASL with the same grade and sufficient time-in-service to be eligible for removal.[6]  See 10 U.S.C. § 14704(a); Admin. R. 147-48, 153-60.

---

[6] Lambert also claims that the special board's ruling affirming the Secretary's decision was arbitrary and capricious because it merely concurred with the JAG advisory opinions that were provided to the board when it made its decision.  Section 1558 does not impose any detailed reporting requirements on a special board.  In a similar context, other courts have held that when a promotion special selection board (a counterpart to the § 1558 special board) "submits a written report satisfying the statutory reporting requirements, a reviewing court may not require the SSB to meet additional reporting requirements beyond those that were mandated by [the statute]."  Chambers v. Green, 544 F.Supp.2d 10, 14 (D.D.C. 2008).  In this case, the special board's statement that it concurred with the enclosed advisory opinions was sufficient for Lambert to "discern the [b]oard's path" and for this court to "evaluate the agency's rationale at

The Secretary responds to Lambert's first argument by contending that the statutory phrase "the number specified by the Secretary" is ambiguous and should be read broadly to mean "a number or a range of numbers."  His response to the second argument is that the phrase "consider all officers" should be read to permit the Secretary to designate a subset of eligible officers that excludes both those scheduled for retirement and those with less than three years' time-in-service.

In the sections that follow, I explain in detail why the Secretary's responses to Lambert's arguments are untenable.  I then turn to a difficult question concerning the relief to which Lambert is entitled.

A.    "**The Number Specified by the Secretary**"

Lambert invokes the plain meaning rule in arguing that the Secretary erred by failing to designate a specific number of officers to be recommended for removal.  The First Circuit Court of Appeals explained the way the plain meaning rule works in a recent opinion:

> [u]nless specifically defined, the legislature's words
> are generally deemed to carry their plain and ordinary

---

the time of the decision."  Dickson v. Sec'y of Defense, 68 F.3d 1396, 1404-05 (D.C. Cir. 1995); Cochrane v. Wynne, 541 F.Supp.2d 267, 271 n.2 (D.D.C. 2008).

meaning.  When that meaning produces a plausible
result, the inquiry typically ends.  Even so, plain
meaning is not invariably the be all and end all of
statutory construction.  If a plain-meaning
interpretation produces outcomes that are either
absurd or antithetical to [the legislature's]
discernible intent, an inquiring court must continue
its search.

In re Shamus Holdings, LLC, 642 F.3d 263, 265 (1st Cir. 2011)

(internal citations and quotations omitted).  As Lambert sees

it, "the number specified by the Secretary" plainly means a

specific number rather than a range of numbers.  Since this

reading produces a plausible result that is not contrary to §

14704's manifest purpose, he argues, that ends the matter.

The Secretary contends - without explaining why - that the

relevant statutory language is ambiguous.  He goes on to claim

that the use of a range rather than a specific number should be

permitted because the use of a range is consistent with §

14704's purpose to provide him with "flexibility to develop

reasonable, fair, and efficient procedures for resolving officer

overages."  Mem. in Supp. of Def.'s Objection to Pl.'s Mot. for

Summ. J. & Def.'s Cross Mot. for Summ. J. at 23.  He also

contends that the court should defer to his reading of the

statute because the use of a range rather than a specified

number is implicitly permitted by the SECNAVINST 1420.1B.[7]

I am unpersuaded by the Secretary's conclusory assertion that the phrase "in the number designated by the Secretary" is ambiguous.  The only reasonable way to read this phrase in context is to read it to require the Secretary to specify a specific number rather than a range of numbers.  While the Secretary's alternative reading might provide him with beneficial leeway in a limited set of circumstances, the statute will not produce absurd results if it is given its plain meaning.  Nor are the consequences that follow from such a reading antithetical to a discernable legislative purpose.  Section 14704 plainly leaves it to the Secretary to decide on the size of the reduction, but requires the selection board to identify the specific officers who will be recommended for

---

[7]  SECNAVINST 1420.1B provides that the Secretary "shall specify the number of officers, by either a fixed number or percentage, which a selection board may recommend . . . ." 1420.1B at 35. It also states that "[t]he Secretary will furnish the board with "[t]he maximum number of officers that the board may recommend for early retirement or early removal . . . ." Id. at 36.  The Secretary argues that these two provisions should be read together to authorize the Secretary to provide a range rather than a fixed number.  I am not persuaded by this argument but, as I explain, the Secretary's argument is unavailing in any event because § 14704's language is unambiguous and hence no deference can be given to the Secretary's contrary reading of the statute.

removal.  Neither the Secretary nor this court has the power to
ignore a statute's plain meaning simply because an alternative
interpretation might be deemed to be beneficial to the executive
branch official that has been charged with its interpretation.

My analysis of the issue does not change even if, as the
Secretary argues, SECNAVINST 1420.1B implicitly authorizes the
Secretary to specify a range of numbers rather than a single
number.  A court considering whether to defer to an
administrative construction of a statute must begin its analysis
by asking whether "Congress has directly spoken to the precise
question at issue."  Succar v. Ashcroft, 394 F.3d 8, 22 (1st
Cir. 2005) (quoting Chevron, U.S.A., Inc. v. Natural Res. Def.
Council, Inc., 467 U.S. 837, 842 (1984)).  If Congress has
unambiguously expressed its intention on the issue, the court
may not defer to an alternative administrative interpretation.
See Chevron, 467 U.S. at 842-43.  In determining congressional
intent, the plain meaning rule remains at the forefront of the
analysis.  Saysana v. Gillen, 590 F.3d 7, 13 (1st Cir. 2009).
Ordinarily, "[w]hen the plain wording of the statute is clear,
that is the end of the matter."  Id.  Because, as I have
explained, the statutory language plainly requires the Secretary

[13]

to specify a number rather than a range of numbers, contrary administrative interpretations are inconsequential.

**B.    "Consider All Officers"**

Lambert again invokes the plain meaning rule in arguing that the Secretary improperly prevented the selection board from considering officers for removal who were scheduled for retirement or who had less than three years' time-in-grade. Section 14704, he argues, authorizes the Secretary to convene a selection board "to consider all officers" on the RASL with the designated grade and sufficient time-in-service to be eligible for removal.  It does not contain exceptions either for officers who are scheduled for retirement or for officers who have less than three years' time-in-grade.

The Secretary again responds by arguing, in a conclusory fashion, that the statutory language is ambiguous.  He then attempts to justify his position with public policy arguments and references to SECNAVINST 1420.1B, which he claims authorize his actions.[8]  These arguments fail, however, for the same

---

[8] SECNAVINST 1420.1B expressly provides that "[t]he list [to be provided to the selection board] may not include an officer in that grade and competitive category who has been approved for voluntary retirement or who is to be involuntary [sic] retired under any provision of law during the fiscal year in which the

[14]

reasons that his prior arguments are unavailing.  The statutory

language is plain, and an ordinary reading of the statute does

not produce results that are either absurd or antithetical to

the statute's manifest purpose.  Although there are undoubtedly

good reasons why the Secretary may wish to exclude officers from

consideration for removal if they are set to retire or they have

insufficient time-in-grade to be eligible to retire as a

colonel, the Secretary retains ample authority to protect such

officers from removal even if the statute's plain meaning is

enforced.  Section 14704 does not bar the Secretary from

offering guidance to a selection board as to the criteria that

it may consider in proposing reductions to the RASL, and it

would not violate the statute for this guidance to explain that

consideration should be given to the fact that an officer on the

---

selection board is convened, or during the following fiscal
year."  SECNAVINST 1420.1B at 35-36.  It also states that the
list "shall include each officer on the ADL or the RASL in the
same grade and competitive category position on the ADL or RASL
is between that of the most junior officer in that grade and
competitive category whose name is provided and that of the most
senior officer in that grade and competitive category whose name
is provided to the board . . . ."  Id. at 35 (emphasis added).
The Secretary argues that this provision purports to authorize
the Secretary to exclude junior officers with less than a
specific time-in-grade from consideration for removal.  I accept
the Secretary's interpretation for purposes of analysis.

RASL is set to retire or has insufficient time-in-grade to be eligible to retire as a colonel.  Further, selection boards only make recommendations for removal; the Secretary retains the power to decline to accept a board's recommendation to remove officers who are set to retire or who have insufficient time-in-grade to be eligible to retire as colonels.  Accordingly, the plain language of § 14704 does not tie the Secretary's hands in ways that are contrary to the statute's manifest purpose.

The Secretary has one additional argument that applies only to this particular challenge, and that is that the Secretary's interpretation should be adopted because it would harmonize § 14704 with 10 U.S.C. § 638.

Section 638, which was was adopted prior to § 14704, deals with the removal of officers from the Active Duty List.[9]  Unlike § 14704, § 638 expressly provides that the list submitted to a selection board may not include any officer "who has been approved for voluntary retirement . . . or who is to be involuntarily retired . . . during the fiscal year in which the selection board is convened or during the following fiscal

---

[9] Section 638 was created in 1980 as part of the Defense Officer Personnel Management Act ("DOPMA").  Section 14704 was enacted in 1994 as part of the Reserve Officer Personnel Management Act ("ROPMA").

[16]

year." 10 U.S.C. § 638(e)(2)(B). Section § 638 also expressly
restricts the pool of eligible officers to those who have
"served at least four years of active duty in that grade." 10
U.S.C. § 638(a)(1)(B).

The Secretary suggests that his interpretation of § 14704
should be adopted because it will harmonize § 14704 with the
plain language of § 638. A court, however, may not give a
statute's unambiguous language a reading contrary to its plain
meaning merely because it will make the statute fit better with
other similar statutory provisions. Ordinarily, when a statute
omits specific provisions included in an earlier, similar
statute, a court should assume that the specific provisions were
not intended to be included in the most recently enacted
statute. See Muscogee (Creek) Nation v. Hodel, 851 F.2d 1439,
1444 (D.C. Cir. 1988)("It is contrary to common sense as well as
sound statutory construction to read the later, more general
language to incorporate the precise limitations of the earlier
statute"); Klein v. Republic Steel Corp., 435 F.2d 762, 765-66
(3rd Cir. 1970). While Congress chose to include language in §
638 excluding certain active duty officers from the selection
board's consideration, § 14704 lacks any such filtering

language.  Instead, § 14704 instructs selection boards convened for the purpose of evaluating reserve officers for early removal to consider "all officers" on the RASL who meet the applicable grade, competitive category and time in service requirements. See 10 U.S.C. § 14704(a).  Given the language that Congress chose to use in § 14704, it would defy both common sense and accepted principals of statutory construction to incorporate the restrictions recited by § 638 into the procedures required by § 14704.  See id.; Muscogee (Creek) Nation, 851 F.2d at 1444.

**C.**   **The Remedy**

10 U.S.C. § 1558(f)(3) authorizes a court to "set aside the action" of a Secretary based on the report of a special board if the action is contrary to law.  As I have explained, the Precept that the Secretary used to convene the FY09 SRB violated § 14704.  The special board's endorsement of the Secretary's action therefore was also contrary to law, as was the Secretary's refusal to correct his prior illegal actions in reliance on the special board's report.  Accordingly, the Secretary's action must be set aside.

The parties disagree as to whether additional actions are required to correct the Secretary's erroneous application of §

14704.  Lambert asserts that the court must also order the
Secretary to reinstate him to the RASL.  The Secretary argues
that the matter should be remanded for further administrative
proceedings.

Typically, when a reviewing court finds error with an
administrative proceeding, remand is the appropriate remedy.
See Dantran, Inc. v. U.S. Dep't of Labor, 171 F.3d 58, 73 (1st
Cir. 1990).  This also is the case where an error is found in an
underlying military personnel decision, as these determinations
are properly left in the hands of the Secretary.  See 10 U.S.C.
§ 1558(a); Seifert v. Winter, 555 F.Supp.2d 3, 15-16 (D.D.C.
2008); Istivan v. U.S., 689 F.2d 1034, 1039 (Ct. Cl. 1982).  If
remand would be an empty exercise, however, the court may be
required to take more aggressive measures to overcome the
administrative error.  See Dantran, 171 F.3d at 73; Quincy Oil,
Inc. v. Fed. Energy Admin., 468 F. Supp. 383, 378-88 (D. Mass
1979).

Lambert argues that a remand with instructions to the
Secretary to reconvene a new selection board would be a futile
gesture because the new selection board could not recreate a
fair removal proceeding.  The Secretary has responded with

[19]

evidence suggesting that he will be able to fairly approximate "the official military personnel files (OMPF) of the Unrestricted Reserve colonels to be considered anew by a second removal board, as their records were at the time the first removal board convened."  Mem. in Resp. to Oral Order of May 20, 2011 at 6; Decl. of Mr. William G. Swarens at 1-2 (indicating that the office of Manpower Management Support Branch is capable of recreating sufficient records for a fair and adequate reconsideration).[10]  As a result, I am confident that Lambert will be given a fair hearing where his record is considered along with the records of all the unrestricted reserve colonels that were on the RASL at the time of the FY09 SRB.[11]  If the new selection board determines that Lambert would not have been selected as part of the FY09 SRB, § 1558 provides for his

---

[10] Lambert submitted a declaration contesting the ability of Mr. Swarens and the Manpower Management Support Branch's ability to recreate the official military personnel files and other records as they existed as of the October 17, 2008 selection board proceedings.  Lambert has not demonstrated that he has sufficient knowledge on the subject to give rise to a genuine factual dispute on this issue, and there is no point in conducting any further hearings on the matter.

[11] While the Secretary is unable to replicate the personal statements submitted by those colonels up for consideration, this material was presumably only submitted as support for the applicant's case.  As such, its absence should not unfairly burden Lambert.

retroactive reinstatement from the date of the original

erroneous FY09 SRB.  See 10 U.S.C. § 1558 (a),(c).

### IV.  CONCLUSION

The Secretary did not comply with 10 U.S.C. § 14704 when he

convened the FY09 SRB.  As a result, the Secretary's refusal to

correct his illegal action on the special board's recommendation

must be set aside.  While Lambert contends that any additional

proceedings would be futile, the Secretary has the resources to

provide Lambert with a fair reconsideration on remand.

Lambert's motion for summary judgment (Doc. No. 35) is

granted in part and denied in part.  The Secretary's cross-

motion for summary judgment (Doc. No. 37) is denied.  The matter

is remanded to the Secretary.  The Secretary shall issue a new

Precept specifying a fixed number of colonels to be selected by

the selection board.[12]  The Precept must require the selection

board to consider all colonels on the RASL at the time when the

FY09 SRB was convened who had sufficient time-in-service to be

eligible for removal.  A new selection board should then be

---

[12] In order to best replicate the FY09 SRB, the Secretary should
specify that the special board select a fixed number between the
range specified in the original Precept.

convened, pursuant to § 14704, to evaluate each eligible colonel

on the RASL as of October 17, 2008.  If Lambert is not selected

by the reconstituted selection board, he is entitled to

reinstatement and attendant benefits pursuant to § 1558.

      SO ORDERED


                                    /s/Paul Barbadoro      
                                    Paul Barbadoro
                                    United States District Judge

July 22, 2011

cc:  Gary E. Lambert, Esq.
     T. David Plourde, Esq.

[22]