UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| COLONEL GARY E. LAMBERT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAYMOND E. MABUS, JR., Secretary of the )<br>Navy, )<br>)<br>Defendant. )<br>_____ ) | Civil No. 09-354-PB |

## AMENDED SETTLEMENT AGREEMENT AND RELEASE

The parties, Colonel Gary E. Lambert, pro se, and Raymond E. Mabus, Jr., Secretary of the Navy, through counsel, hereby stipulate and agree as follows:

1. The parties agree to compromise and settle this action.

2. On or about January 1, 2012, or as soon as reasonably possible thereafter, Col Lambert will be reinstated to the United States Marine Corps (USMC) Reserve Active Status List (RASL), such reinstatement to be retroactively effective as of October 1, 2009.

3. On or about January 1, 2012, or as soon as reasonably possible thereafter, any and all references to the Fiscal Year (FY) 2008 Selective Early Removal Board proceedings resulting in Col Lambert's removal from the RASL on or about October 1, 2009, will be removed from Col Lambert's Official Military Personnel File (OMPF).

4. On or about January 1, 2012, or as soon as reasonably possible thereafter, Col Lambert's Career Retirement Credit Record (CRCR) will be credited with 81 career retirement points for each year he was removed from the RASL and prorated to the date that Col Lambert is actually reinstated to the RASL.

5.     On or about January 1, 2012, or as soon as reasonably possible thereafter, Col Lambert's Mandatory Removal Date (MRD) will be set at June 1, 2014.

6.     As soon as reasonably possible after this settlement agreement and release is approved by the Court and entered upon the docket, Col Lambert will be reimbursed the cost of the filing fee he paid ($350.00) when he filed this action in this Court, pursuant to the Equal Access to Judgment Act (EAJA), 28 U.S.C. § 2412(d).

7.     In consideration for the Secretary of the Navy's agreement to take the actions specified in Paragraphs 2 through 6 above, Col Lambert hereby withdraws, discharges, and releases the Secretary of the Navy, the United States, and its employees, officers, and agents, from any and all claims arising from or related to the operative facts from which this action arose.

8.     This Settlement Agreement and Release constitutes the full and complete agreement of the parties.

9.     This Settlement Agreement and Release does not constitute an admission of liability, fault, or error by the Secretary of the Navy, the United States Marine Corps, or their agents, servants, or employees, and it is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the cost and risks of further litigation.

10.    Execution of this Settlement Agreement and Release by the parties, and its approval and entry upon the docket by this Court, shall constitute a dismissal of this action with prejudice pursuant to Fed.R.Civ.P. 41(a).

/s/ Gary E. Lambert
Gary E. Lambert, Esq.
Colonel, USMCR (Ret.)
NH Bar ID No. 16245
32 Columbia Avenue
Nashua, NH 03064
(603) 438-6333
lambert@lambertpatentlaw.com

January 6, 2012

                      Raymond E. Mabus, Jr.
                      Secretary of the Navy

                      JOHN KAKAVAS

                      United States Attorney

                      By: /s/ T. David Plourde
                      T. David Plourde
                      Assistant U.S. Attorney
                      NH Bar No. 2044
                      53 Pleasant Street, 4th Floor
                      Concord, NH 03301
                      (603) 225-1552
                      david.plourde@usdoj.gov

January 6, 2011


This Settlement Agreement and Release is approved and shall be entered upon the docket in this matter.

January 10, 2012                    /s/ Paul Barbadoro
   Date                                Paul J. Barbadoro
                                  United States District Judge



cc: Counsel of Record